[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16281
Non-Argument Calendar
_____

D. C. Docket No. 05-00084-CR-T-30-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EPIFANIO MORENO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 18, 2006)**

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Epifanio Moreno appeals his 168 month sentence following his guilty plea

to conspiracy to possess with the intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, pursuant to 46 app. U.S.C. §§ 1903(a), (g), (j); 21 U.S.C. § 960(b)(1)(B)(ii). The district court correctly calculated the guidelines range and considered the factors in 18 U.S.C. § 3553(a). Because the resulting sentence was not unreasonable, we AFFIRM.

## I. BACKGROUND

According to the unobjected to facts in the presentence investigation report, the USS BOONE was conducting counter-drug operations in the Eastern Pacific when it spotted a go-fast vessel with Moreno on board. As the USS BOONE approached, the go-fast vessel began maneuvering erratically, and two crew members threw bales overboard. After unsuccessful attempts to stop the go-fast vessel, the USS BOONE fired shots at the vessel to disable it.

Moreno jumped overboard, and the USS BOONE retrieved him from the water. The USS BOONE boarding team discovered a dead body on board, which was identified by the other crew members as that of the drug representative, who was responsible for guarding drugs and conducting the sale of the drugs. The crew members said that the drug representative killed himself with a handgun to avoid

2

capture. Moreno stated that the drug representative told him to throw a rifle overboard, which he did. After the drug representative shot himself, Romero Borrero, one of the crew members, took the handgun and threw it in the water to prevent Moreno from killing himself. The USS BOONE recovery team recovered 56 bales of cocaine from the ocean for a total of 2,800 pounds or 1,270 kilograms of cocaine.

At the sentencing hearing, Moreno described his role in the offense as minor. He also said that he lived in poverty and testified regarding his family circumstances. The district court considered these facts and determined that, with a criminal history category of I and a total offense level of 37, Moreno's guidelines imprisonment range was 210 to 262 months. Moreno argued, and the district court subsequently agreed, that Moreno qualified for the safety valve provision, which yielded a new guidelines range of 168 to 210 months imprisonment. The district court determined that this sentence was sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. On appeal, Moreno argues that the sentence imposed by the district court was unreasonable because it failed to impose a sentence below the guideline range, when (1) he was paid less than the other crew members on the go fast boat; (2) he did not have special skills; and (3) he was hired merely to load and unload the drugs.

## II. DISCUSSION

We review for clear error the district court's findings of fact and review the application of the sentencing guidelines de novo. United States v. Gallo, 195 F.3d 1278, 1280 (11th Cir. 1999). After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court must correctly calculate the sentencing range prescribed by the Sentencing Guidelines. United States v. Crawford, 407 F.3d 1174, 1178–79 (11th Cir. 2005). In this case, Moreno concedes that the guidelines range was calculated correctly.

Once the district court has calculated accurately the guidelines range, it "may impose a more severe or more lenient sentence," which we review for reasonableness. Id. at 1179. In determining whether a sentence is reasonable, the district court should be guided by the § 3553(a) factors. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). Those factors include,

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id.

4

Although the court must be guided by these factors, we have held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." Talley, 431 F.3d at 786. Although a sentence within the advisory guidelines range is not per se reasonable, we ordinarily expect such a sentence to be reasonable. Id. at 788. The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Id.

Here, the record reveals that the district court considered the § 3553(a) sentencing factors and the correctly calculated, advisory guidelines range when sentencing Moreno. After hearing Moreno characterize his role in the offense as minor, the fact that he lived in poverty, and testimony regarding his family circumstances, the district court determined that the sentence was sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. Furthermore, the court imposed a sentence at the low end of the guideline range. Given these considerations, we conclude that the sentence was not unreasonable.

## III. CONCLUSION

Moreno appeals his 168 month sentence following his guilty plea to conspiracy to possess with the intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States. Because the district court correctly calculated the guidelines range and considered the factors in 18 U.S.C. § 3553(a) and because Moreno failed to carry his burden of showing that his sentence was unreasonable, the district court did not err.

**AFFIRMED.**